## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY,** as a subrogee of THE CONLAN COMPANY<br>175 Berkeley St., 6th Floor<br>Boston, MA 02116 | CIVIL ACTION NO. **2:22-cv-84** |
| **EVEREST INDEMNITY INSURANCE COMPANY,** as a subrogee of THE CONLAN COMPANY<br>477 Martinsville Road<br>Liberty Corner, NJ 07938 | **JURY DEMANDED** |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY,** as a subrogee of THE CONLAN COMPANY<br>436 Walnut Street<br>Philadelphia, PA 19106 | |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. CSN0008948,** as subrogee of THE CONLAN COMPANY | |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. 20-SBR-0074** as subrogee of THE CONLAN COMPANY, | |
| Plaintiffs, | |
| v. | |
| **EASTERN CONSTRUCTORS, INC.,**<br>38004 Cornerview Road<br>Geismar, LA 70734 | |
| Defendant. | |

## COMPLAINT

Plaintiffs, Liberty Mutual Fire Insurance Company, Everest Indemnity Insurance

Company, Westchester Surplus Lines Insurance Company, Certain Underwriters at Lloyd's,

London Subscribing to Policy No. CSN0008948, and Certain Underwriters at Lloyd's, London Subscribing to Policy No. 20-SBR-0074, (collectively "Plaintiffs"), as subrogees of The Conlan Company (hereinafter "Conlan"), by and through their undersigned counsel, hereby file this Complaint against the Defendant, Eastern Constructors, Inc. (hereinafter "Eastern" or "Defendant").

## PARTIES

1. Plaintiff, Liberty Mutual Fire Insurance Company as a subrogee of The Conlan Company, is a corporation duly organized and existing under the laws of the State of Wisconsin with a principal place of business located at 175 Berkeley St., 6th Floor, Boston, Massachusetts 02116, which at all relevant times was engaged in the insurance business and was duly authorized and licensed to issue insurance policies in the Commonwealth of Virginia.

2. At all relevant times, Liberty Mutual provided builder's risk insurance coverage to Conlan.

3. Plaintiff, Everest Indemnity Insurance Company as a subrogee of The Conlan Company, is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 477 Martinsville Road, Liberty Corner, NJ 07938, which at all relevant times was engaged in the insurance business and was duly authorized and licensed to issue insurance policies in the Commonwealth of Virginia.

4. At all relevant times, Everest provided builder's risk insurance coverage to Conlan.

5. Plaintiff, Westchester Surplus Lines Insurance Company as a subrogee of The Conlan Company, is a corporation duly organized and existing under the laws of the State of Georgia with a principal place of business located at 436 Walnut Street, Philadelphia, PA 19106,

which at all relevant times was engaged in the insurance business and was duly authorized and licensed to issue insurance policies in the Commonwealth of Virginia.

6. At all relevant times, Westchester provided builder's risk insurance coverage to Conlan.

7. Plaintiff, Certain Underwriters at Lloyd's, London Subscribing to Policy No. CSN0008948 as a subrogee of The Conlan Company, are and were at all times material hereto foreign underwriters of insurance policies, Tokio Marine Highland (formerly WNC Insurance Services) – Syndicates 1880 and 510, part of the Tokio Marine Kiln Group Limited, subscribing to a policy of insurance identified by Policy Number CSN0008948, organized and existing under the laws of the United Kingdom with a principal place of business located at One Lime Street, London, EC3M 7HA, United Kingdom and a domestic address of Underwriters at Lloyd's, London, 280 Park Avenue, East Tower – 25th Floor, New York, NY 10017, which at all relevant times was engaged in the insurance business and was duly authorized to issue insurance policies in the Commonwealth of Virginia.

8. At all relevant times, Certain Underwriters at Lloyd's, London provided builder's risk insurance coverage to Conlan.

9. Plaintiff, Certain Underwriters at Lloyd's, London Subscribing to Policy No. 20-SBR-0074 as a subrogee of The Conlan Company, are and were at all times material hereto foreign underwriters of insurance policies, Axis Specialty Europe SE, and Munich Re Capital Limited – Munich Re Syndicate 457, subscribing to a policy of insurance identified by Policy Number SBR-0074, organized and existing under the laws of the United Kingdom with a principal place of business located at One Lime Street, London, EC3M 7HA, United Kingdom and a domestic address of Underwriters at Lloyd's, London, 280 Park Avenue, East Tower –

25th Floor, New York, NY 10017, which at all relevant times was engaged in the insurance business and was duly authorized to issue insurance policies in the Commonwealth of Virginia.

10. At all relevant times, Certain Underwriters at Lloyd's, London provided builder's risk insurance coverage to Conlan.

11. Defendant Eastern Constructors, Inc. is a corporation duly organized and existing under the laws of the State of Louisiana with a principal place of business located at 38004 Cornerview Road, Geismar, Louisiana 70734, which at all relevant times was engaged in the business of steel erection and construction work.

## JURISDICTION AND VENUE

12. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

13. Venue is proper in this District based on 28 U.S.C. § 1391(a) as the events giving rise to this claim occurred within this District.

## GENERAL ALLEGATIONS

14. Plaintiff incorporates by reference the preceding averment as though fully set forth herein at length.

15. At all relevant times, Seefried Development Services, Inc., was the construction manager for the construction of an Amazon fulfillment center at 2020 North Gate Commerce Parkway, Suffolk, Virginia 23435.

16. At all relevant times, Conlan served as the general contractor for the construction project which involved building a five-story warehouse with over 3,000,000 square feet of space, including all floors.

17. Plaintiffs provided Conlan with builders risk insurance for the construction project.

18. Conlan hired subcontractors, including a steel erection subcontractor, Cooper's Steel Fabricators, Inc. of 503 North Hillcrest Drive, Shelbyville, Tennessee 37160 (hereinafter "Cooper's") to perform the work necessary to complete the construction project.

19. Cooper's hired Eastern as steel erection subcontractors to complete the steel erection work at the construction site.

20. On August 29, 2020, during light and foreseeable winds, while Eastern was erecting steel during phase five of the construction project, the steel structure collapsed.

21. Two Eastern employees were killed as a result of the collapse when the steel fell on the man-lifts they were utilizing.

22. In addition, the steel collapse resulted in structural damage to the construction site.

23. The steel collapsed because Eastern improperly and unsafely erected the steel.

24. Eastern failed to properly shim the steel columns, improperly bolted the steel column, beam and joist connections, and loaded the deck bundles onto the upper deck floors without properly shimming the columns and without properly bolting the steel, each of which individually and/or in combination caused the collapse to occur.

25. As a result of the aforementioned steel collapse, the construction project was damaged and delayed.

26. Pursuant to the terms and conditions of the policy of insurance, Plaintiffs paid Conlan in excess of $3 million, representing the fair and reasonable value of and/or cost to repair

the damages, and for additional costs and expenses incurred as a result of the steel collapse including the delays in construction.

27. In accordance with Virginia common law principles of equitable and/or legal subrogation and the terms of the insurance policy, Plaintiffs are subrogated to the rights of Conlan to the extent of their payments.

## COUNT I – NEGLIGENCE
## PLAINTIFFS V. EASTERN CONSTRUCTORS, INC.

28. Plaintiffs incorporate by reference the preceding averments as though fully set forth herein at length.

29. As a contractor specializing in steel erection and construction, Defendant Eastern owed Conlan a duty to erect the steel in a good, safe, and workmanlike manner, and to make sure that the steel was installed free from hazardous conditions and defects that could cause a collapse.

30. Defendant Eastern's work violated applicable construction and building safety codes and industry customs and practices in connection with its erection of the steel at the construction site.

31. The aforementioned steel collapse and resulting damages to Conlan were caused by the negligence and carelessness of Defendant Eastern, its agents, servants, subcontractors, and/or employees acting within the course and scope of their employment in:

    a) Violating applicable construction, building and safety codes;

    b) Failing to exercise reasonable care in the erection of the steel at the construction site;

    c) Failing to properly shim the steel columns that connected the column bases to the top of the concrete footing;

  d) Failing to properly bolt the steel column, beam and joist connections;

  e) Failing to properly load the deck bundles onto the upper deck floors without properly shimming the columns;

  f) Failing to properly shim the columns prior to loading the deck bundles onto the upper floors;

  g) Failing to properly load the deck bundles onto the upper floors without properly bolting the steel;

  h) Failing to properly bolt the steel column, beam and joist connections prior to loading the deck bundles onto the upper floors;

  i) Failing to employ agents, servants, subcontractors, and/or employees with proper knowledge, training, and experience to properly erect the steel at the construction site;

  j) Failing to properly train, oversee, and supervise its employees, agents, subcontractors, and employees;

  k) Erecting and/or allowing its agents, servants, subcontractors, and/or employees to improperly erect the steel columns in a manner that created a risk of a collapse;

  l) Failing to perform its work and services in a good and workmanlike manner and in accordance with all applicable national, state and local construction, building and safety codes and standards, and industry customs and practice;

  m) Failing to properly inspect and test the steel columns, beams and joists at the construction site and to verify that the steel columns, beams and joist were properly erected in accordance with all applicable codes and industry custom and practice;

  n) Otherwise failing to use due care under the circumstances.

32. As a direct and proximate result of Defendant Eastern's negligence and carelessness, the steel structure collapsed and Conlan sustained severe and extensive damages.

WHEREFORE, Plaintiffs demand judgment against Defendant Eastern Constructors, Inc., in an amount in excess of $3 Million together with interest and the cost of this action.

### COUNT II – BREACH OF WARRANTY
### PLAINTIFFS V. EASTERN CONSTRUCTORS, INC.

33. Plaintiffs incorporate by reference the preceding averments as though fully set forth herein at length.

34. As the subcontractor responsible for the steel erection, Defendant Eastern expressly and impliedly warranted that its work and services would be performed in a good, safe, and workmanlike manner, and in accordance with all applicable codes, regulations and industry standards.

35. For the reasons more particularly set forth in Count I, Paragraph 31, Eastern breached its express and/or implied contractual duties and obligations related to the erection of the steel at the construction site.

36. The aforementioned collapse and the resulting damages were directly and proximately caused by Defendant Eastern's breach of warranty, thereby causing Plaintiffs to sustain damages, for which Eastern is liable.

WHEREFORE, Plaintiffs demand judgment against Defendant Eastern Constructors, Inc., in an amount in excess of $3 million, together with interest and the cost of this action.

### COUNT III – BREACH OF CONTRACT
### PLAINTIFFS V. EASTERN CONSTRUCTORS, INC.

37.     Plaintiffs incorporate by reference the preceding averments as though fully set forth herein at length.

38.     Cooper's entered into a contract with Defendant Eastern to complete the steel erection work at the construction site.

39.     Conlan was an intended beneficiary of that contract because Conlan was the general contractor for the construction project identified in Paragraph 15 of this Complaint.

40.     Defendant Eastern knew that Conlan, as the general contractor, would benefit from Eastern's contract with Cooper's and also that Conlan could be harmed by any breach of that contract.

41.     Defendant Eastern breached its contract to provide steel erection work due to its negligent and careless work, which directly led to the steel collapse on the construction site, resulting in damages to Conlan.

42.     Plaintiffs are entitled to damages as third-party beneficiaries of the contract between Cooper's and Eastern because Conlan suffered damages as a result of Eastern's breach of the contract.

WHEREFORE, Plaintiffs demand judgment against Defendant Eastern Constructors, Inc., in an amount in excess of $3 million, together with interest and the cost of this action.

Respectfully submitted,

LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al., as subrogees of THE CONLAN COMPANY

BY: _/s/ David Rosenblum
David Rosenblum, Esq. VSB 19974
PO Box 320039
Alexandria, VA 22320
T: 703-548-9002
F: 703-548-8774
david@rosenblumllc.com

Of Counsel:

Steven K. Gerber
Sean P. O'Donnell
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
215-665-2088
215-665-2089
sgerber@cozen.com
sodonnell@cozen.com

LEGAL\56415869\1